# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ZANE HUBBARD,                | Case No. 1:14-cv-00351-LJO-SAB |
|---|---|
| Plaintiff,                   | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM |
| v.                           | |
| JOHN W. LUA, et al.,         | (ECF No. 1) |
| Defendants.                  | OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and informa pauperis in this action. Currently before the Court is Plaintiff's complaint, filed March 12, 2014. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the

1  pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
2  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
3  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
4  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate
5  that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v.
6  Williams, 297 F.3d 930, 934 (9th Cir. 2002).

7        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
8  liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d
9  1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be
10 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
11 that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss
12 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant
13 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
14 liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572
15 F.3d at 969.

16       **III.**
17       **DISCUSSION**

18       Plaintiff brings this action against Judge John W. Lua and Judge Brian M. McNamara
19 alleging they are not documented Kern County Superior Court Justices. Additionally, Plaintiff
20 alleges that Judge Lua unlawfully convicted him. In support of his complaint, Plaintiff attaches
21 as exhibits two letters from the Superior Court of Kern County informing him of the assignment
22 of his Petition of Habeas Corpus. Plaintiff contends that since Defendants Lua and McNamara
23 are not included on the list of judges on the court stationary they are not documented Kern
24 County Superior Court Judges.

25       There is no merit to Plaintiff's argument that Judge Lua and Judge McNamara are not
26 judicial officer of the Superior Court of Kern County. The letters from the court identify both
27 Judge Lua and Judge McNamara as judges of the court. Further, the website for the Superior
28 Court of Kern County lists Judge McNamara as a judicial officer on the misdemeanor team.

1 Superior Court of California, County of Kern, General Information, Judicial Officers - Metropolitan Division – Justice Building, available at http://www.kern.courts.ca.gov/home.aspx (last visited March 18, 2014). Judge Lua is listed as a judicial officer in a general trial court in the Metropolitan Division. Superior Court of California, County of Kern, Judicial Officers Metropolitan Division, http://www.kern.courts.ca.gov/home.aspx (last visited March 18, 2014). Plaintiff's allegation that, since Judge Lua and Judge McNamara are not listed on the court stationary, they are not judges does not meet the plausibility standard to state a cognizable claim. Iqbal, 556 U.S. at 678-79.

Plaintiff's claim that he will not receive a fair or impartial ruling by Judge McNamara or Judge Lua is speculative. Further, judges and those who perform "judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986).

Plaintiff's complaint fails to state a plausible claim for a violation of his federal rights. the Court recommends that this action be dismissed without leave to amend for failure to state a claim.

## III.
## CONCLUSION AND RECOMMENDATION

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983.

1    These findings and recommendations are submitted to the district judge assigned to this
2 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30)
3 days of service of this recommendation, any party may file written objections to these findings
4 and recommendations with the Court and serve a copy on all parties. Such a document should be
5 captioned "Objections to Magistrate Judge's Findings and Recommendations." The district
6 judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §
7 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may
8 waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
9 1991).

IT IS SO ORDERED.

Dated:   **March 24, 2014**

UNITED STATES MAGISTRATE JUDGE